## In re BILLING PRACTICES OF ELECTRIC UTILITIES (No. 3).

Docket No. 73261-Rule.  Order No. 5888.

Flor.da Public Service Commission.

October 8, 1973.

---

Chairman WILLIAM H. BEVIS, Commissioners WILLIAM T. MAYO and PAULA F. HAWKINS participated in the disposition of this matter.

## BY THE COMMISSION.

*Order adopting rule amendments:* The commission having considered the entire record herein now enters its order in this cause.

By Order Nos. 5750 and 5750-A, dated May 15 and May 21, 1973, respectively, we proposed to amend Rules 25-6.100, 25-6.101, and 25-6.102 relating to billing practices of electric utilities. Basically, we proposed to amend Rule 25-6.100 to require bills to be rendered monthly, that each bill reflect the monthly fuel adjustment and delinquent date, and make certain minor changes to subsections (d), (e), and (i). Next, we proposed to amend Rule 25-6.101 to provide that bills not be considered delinquent prior to the expiration of 20 days from date of mailing in lieu of the present provision that bills not be considered delinquent prior to the expiration of 15 days from date of mailing, or in the alternative, 20 days from date of meter reading. Finally, we proposed modification of Rule 25-6.105 to require separate written notice as a prerequisite to service being terminated under the conditions set forth in subsections (e), (f), and (g).

Responses have been filed by each of the five regulated electric utilities. Their responses will be summarized hereinafter. First, Florida Public Utilities Company has taken no exception to the proposed rules but asks only that it be permitted to exhaust its present supply of bills before redesigning its bill to conform to our amendments. By its response, Florida Power Corporation likewise

asks only that it be given sufficient time to dispose of forms currently on hand prior to the implementation of any new rules. Gulf Power Company, on the other hand, has voiced no objection to amendments proposed for Rules 25-6.100 and 25-6.101 but objects to any requirement that separate notice be mailed each customer prior to termination of service under subsection (g) of Rule 25-6.105 since the company uses envelope billing, which would necessitate additional costs for furnishing such a notice. Our reasoning, however, for this requirement is set out in Order No. 5750, supra, and we again reaffirm our position that any additional costs to the utilities are outweighed by the benefits to the ratepayers. Gulf has also suggested the imposition of a $3 fee for each collection call made at a customer's premises; however, such a fee is not within the scope of this proceeding and could be established only by separate docket. Tampa Electric Company, by its response, has indicated it has no objections to proposals to amend Rule 25-6.100 other than an expression that perhaps the customers will not understand the inclusion of the fuel adjustment on the bill. In addition, it is in agreement with proposed amended Rule 25-6.105. However, it points out the difficulty it may have in complying with amended Rule 25-6.105 due to the necessity of having to reprogram its customer accounting system. This does not, in our judgment, constitute a valid reason for waiving the requirements of the rule for the company. Finally, Florida Power and Light Company has stated it has no objections to proposed Rule 25-6.100 but has suggested that Rule 25-6.101 be amended to reduce the present 20 day period for paying a bill to 10 days and cites various reasons in support thereof. We are firmly convinced, however, that 20 days is a more reasonable period of time in which a customer should be able to pay his bill. Accordingly, we are retaining the language proposed in our rule. Additionally, the company suggests that Rule 25-6.101 be modified further to provide that a utility may deliver the bill rather than mail same. This change is suggested because increasing postage rates may make hand delivery of bills in metropolitan areas more economical than using envelope billing. This modification is reasonable and we conclude our proposed rule should be changed to permit hand delivery of bills. Finally, the company takes issues with a portion of subsection (g) of Rule 25-6.105 and maintains that nothing further than a separate written notice and its present procedure of sending personnel to the customer's premises to attempt to make collection prior to termination of service is required under said rule. We agree with the company's interpretation of the rule and do not intend to place a greater burden on the companies than is now being performed by them. Like the others, Florida Power and Light Company also requests that it be given 60 days in which to use up its existing supply of bill forms. This

request, and those of the others, is valid, particularly in view of the necessity to revise the present bill forms by the utilities, and the expense to be ultimately incurred by the ratepayer should this request not be granted. Therefore, each electric company is hereby required to utilize revised bills consistent with our discussion herein on all bills rendered on and after January 1, 1974. However, the respondents are urged to utilize revised bills at an earlier date, where possible.

After careful consideration of the responses filed herein, we conclude that Rules 25-6.100, 25-6.101, and 25-6.105 should be amended consistent with the discussion herein, and that such amendments are in the public interest.

It is therefore ordered, pursuant to provisions of §366.05, Florida Statutes, that Rules 25-6.100, 25-6.101, and 26-6.105 be amended to read as follows —

25-6.100 *Customer billing* —

(1) Bills shall be rendered monthly and as promptly as possible following the reading of meters.

(2) With the exception of a duplicate bill, the customer's receipt shall show at least the following information:

(a) ***

(b) ***

(c) ***

(d) The amount of the bill, and as applicable, the gross and net billing; and discount or penalty.

(e) The date by which payment must be made in order to benefit from any discount or avoid any penalty, if applicable.

(f) ***

(g) The monthly fuel adjustment.

(h) The delinquent date of the bill.

(i) Any conversions from meter reading units to billing units, or any other calculations to determine billing units from recording or other devices, or any other factors used in determining the bill. In lieu of such information a statement must be on the receipt advising that such information may be obtained by contacting the utility's offices.

(3) ***

(4) ***

(5) ***

(a) ***

(6) ***

25-6.101 *Delinquent bills* —

Bills shall not be considered delinquent prior to the expiration of twenty (20) days from date of mailing or delivery by the utility.

25-6.105

(1) \*\*\*

(2) \*\*\*

(3) \*\*\*

(4) \*\*\*

(5) As applicable, each utility may refuse or discontinue service under the following conditions provided that, unless otheriwse stated, the customer shall be given notice and allowed a reasonable time to comply with any rule or remedy any deficiency.

(a) \*\*\*

(b) \*\*\*

(c) \*\*\*

(d) \*\*\* ·

(e) For failure or refusal to provide the utility with a deposit to insure payment of bills in accordance with the utility's regulations, provided that written notice, separate and apart from any bill for service, be given the customer.

(f) For neglect or refusal to provide reasonable access to the utility for the purpose of reading meters or inspection and maintenance of equipment owned by the utility, provided that written notice, separate and apart from any bill for service, be given the customer.

(g) For non-payment of bills or non-compliance with the utility's rules and regulations, and only after there has been a diligent attempt to have the customer comply, including at least five (5) days' written notice to the customer, such notice being separate and apart from any bill for service.

(h) \*\*\*

(i) \*\*\*

(j) \*\*\*

(6) \*\*\*

(7) \*\*\*

(8) \*\*\*

(a) \*\*\*

(b) \*\*\*

(c) \*\*\*

(d) \*\*\*

(e) \*\*\*

(f) \*\*\*

(9) \*\*\*"

It is further ordered that these rules shall become effective the day after they are filed ·with the Department of State pursuant to the provisions of §120.041(4), Florida Statutes.

By order of Chairman WILLIAM H. BEVIS, Commissioner WILLIAM T. MAYO, and Commissioner PAULA F. HAWKINS, as and constituting the Florida Public Service Commission, this 8th day of October, 1973.